UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81297-CIV-MARRA/MATTHEWMAN

BRUCE C. GOTTWALD, JR.,

    Plaintiff,

v.

PRODUCERS GROUP I, LLC, and
PENNY REILLY,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE is before the Court pursuant to an Order of Reference from United States District Judge Kenneth A. Marra. *See* DE 25. Before the Court is Plaintiff Bruce C. Gottwald, Jr. ("Gottwald")'s Motion to Compel Federal Tax Returns [DE 28]. Defendants Producers Group I, LLC ("Producers Group") and Penny Reilly ("Reilly") have filed a response [DE 34]. A hearing was held on April 19, 2013, and the matter is now ripe for disposition. For the following reasons, the Court will grant the motion.

### I.  Background

This action arises out of a real estate transaction gone awry. According to the Complaint, Plaintiff Gottwald, a resident of Virginia, engaged Producers Group to assist him in the purchase of a million-dollar property in Wellington, Florida. Reilly, who worked for Producers Group, acted as Plaintiff's real estate agent with respect to the transaction. During the course of her

1

dealings with Plaintiff, Reilly often used a personal web-based e-mail account instead of her corporate email account. At some juncture during the interactions between Reilly and Gottwald, a mysterious and nefarious third party (the "hacker") obtained Reilly's e-mail account information and began to intercept e-mails between Reilly and Gottwald. On November 12, 2012, the hacker intercepted an e-mail from Reilly to Gottwald containing wiring instructions for the $210,000 down payment Gottwald was to make on the Wellington property. The hacker then modified these wiring instructions before sending the e-mail on to Gottwald. As a result, Gottwald wired $210,000 to the wrong account and was unable to recover those funds. Gottwald then filed the instant action, bringing causes of action for negligence, professional malpractice, negligent misrepresentation, violation of the Florida Deceptive and Unfair Trade Practices Act, and violation of the Lanham Act. The Complaint demands both compensatory and punitive damages.

On February 12, 2013, Plaintiff propounded his First Set of Requests for Admissions, Interrogatories, and Requests for Production to Producers Group and Reilly. Among the requests is one for "[c]opies of your filed federal income tax returns for the years 2010, 2011, and 2012." Defendants objected to this request on the grounds that it violated their "privacy rights and/or financial privilege, is premature, overly broad, irrelevant and not reasonably calculated to lead to discoverable evidence." Plaintiff subsequently filed the instant motion to compel [DE 28], asking the Court to order Defendants to turn over their tax returns.

## II.     Legal Standard

In the federal courts, civil litigants

> may obtain discovery regarding any nonprivileged matter that is relevant to any

2

> party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Fed. R. Civ. P. 26(b)(1).  Something is relevant if it has any tendency to make a consequential fact more or less probable.  Fed. R. Evid. 401.  A document or other object is properly discoverable if it is reasonably calculated to lead to the discovery of admissible evidence.  *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007).

### III.   Discussion

Plaintiff Gottwald claims that he is entitled to discovery of Defendants' tax returns because financial worth is relevant to his claim for punitive damages.  Defendants, on the other hand, argue that under Florida law, Gottwald must first make a showing of a reasonable evidentiary basis for recovery of punitive damages before conducting financial worth discovery.  They contend that Plaintiff has failed to make such a showing, and that his request is therefore premature.

It is axiomatic that a federal court sitting in diversity must apply state substantive law and federal procedural law.  *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745 (1980).  *See also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  The parties agree that Florida law prohibits financial discovery until after a plaintiff has made a reasonable showing that he is entitled to punitive damages.  The seminal issue in resolving the instant dispute, therefore, is whether this Court is bound to apply that provision of state law in this case.

In a run of the mill civil case in Florida state court, a plaintiff's request for punitive damages is strictly constrained.   Namely, in the Florida courts,

> . . . no claim for punitive damages shall be permitted unless there is a reasonable

3

>showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. *No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.*

Fla. Stat. § 768.72(1) (2012) ("Section 768.72") (emphasis added). In *Cohen v. Office Depot, Inc.*, 184 F.3d 1292 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000), the United States Court of Appeals for the Eleventh Circuit held that Section 768.72's requirement that a plaintiff seek leave of court before pleading punitive damages is inapplicable in federal court. 184 F.3d at 1299. As the defendants point out, in so doing, the Court of Appeals did not decide whether Section 768.72's discovery limitations applied in federal court. *See Porter v. Ogden, Newell, & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001). However, in *Cohen*, the court provided an explicit roadmap to lower courts on how to deal with similar conflicts between state law and federal procedural rules:

>Under *Hanna* [*v. Plumer*, 380 U.S. 460 (1965)], the proper question to ask is not whether the state law provision is procedural or substantive; instead, the court must ask whether the state law provision conflicts with a federal procedural rule. If it does, the federal procedural rule applies and the state provision does not. Stated another way, if the state law conflicts with a federal procedural rule, then the state law is procedural for *Erie / Hanna* purposes regardless of how it may be characterized for other purposes.
>
>The only exception is where the advisory committee, the Supreme Court, and Congress have collectively erred and adopted a federal procedural rule that is either unconstitutional or should not have been adopted under the Rules Enabling Act process because it is a matter of substantive law.

*Cohen*, 184 F.3d at 1296–97. *See also Blount v. Sterling Healthcare Grp.*, 934 F.Supp. 1365, 1373–74 (S.D. Fla. 1996). Here, the federal procedural rule that governs discovery is Federal Rule of Civil Procedure 26, which has been interpreted to "encompass any matter that bears on,

4

or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). The Court of Appeals has upheld the discovery of tax information where it is "arguably relevant" to the claims at issue. *Erenstein v. SEC*, 316 F.App'x 865, 869–70 (11th Cir. 2008) (unpublished) (citing *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)). Moreover, it is clear that financial worth is relevant to a claim of punitive damages. *See EEOC v. DiMare Ruskin, Inc.*, No. 2:11-cv-158-FtM-36SPC, at *3–*4 (M.D. Fla. Aug. 24, 2011); *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010) (noting that while "[i]n most cases, financial discovery is not appropriate until after judgment," financial discovery is relevant where punitive damages are sought).

Under the *Cohen* analysis, it is clear that Section 768.72's restriction on financial worth discovery conflicts with Rule 26's mandate of a broad and liberal discovery regime. The discovery provision must therefore be interpreted as procedural, rather than substantive, for *Erie* purposes. Moreover, there is no indication that Rule 26 is unconstitutional or violates the Rules Enabling Act. Accordingly, in federal actions, even those based upon state substantive law, Section 768.72's discovery provision must yield.[1]

Because Gottwald has pressed a claim for punitive damages, evidence of the defendants' financial worth is relevant to his claim. He is therefore entitled to discovery of their tax returns. Moreover, in light of the expedited discovery schedule and the upcoming deposition of

---

[1] In so holding, the Court notes its full agreement with Judge Zloch's poignant and extended analysis of this very issue in *Ward v. Estaleiro Itaji S/A*, 541 F.Supp.2d 1344 (S.D. Fla. 2008).

Producers Group's corporate representative, discovery of the tax returns is not premature.[2] The Court, however, is mindful of the sensitive and private nature of such information, and will therefore enter a protective order to protect it from unnecessary and unwarranted dissemination.

### IV.    Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Compel [DE 28] is **GRANTED**;

**FURTHER ORDERED** that on or before May 1, 2013, Defendant Producers Group I, LLC shall produce to Plaintiff copies of its 2010, 2011, and 2012 filed federal income tax returns; and it is

**FURTHER ORDERED** that on or before May 10, 2013, Defendant Penny Reilly shall produce to Plaintiff copies of her 2010, 2011, and 2012 filed federal income tax returns; and it is

**FINALLY ORDERED** that pursuant to Federal Rule of Civil Procedure 26(c), the aforementioned tax returns, including copies thereof, shall be deemed confidential, and are for use only in the above-entitled action.  Any disclosure of the tax returns shall be limited to those persons to whom disclosure is reasonably necessary for the prosecution of this action.  If the

---

[2] Defendants alternatively argue that they have filed a motion to dismiss or strike the punitive damages counts of Plaintiff's complaint, and that the Court should therefore defer any decision as to this discovery matter until after adjudication of the motion to dismiss.  This argument is not well-taken.  First, discovery has not been stayed in this case, and in the absence of such a stay, this Court must make its decision based on the Plaintiff's allegations as they now stand.  Second, a review of the record indicates that there would be little basis for such a stay.  Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."  *Feldman v. Flood*, 142 F.R.D. 651, 652 (M.D. Fla. 1997).  Moreover, there is no general rule that discovery be stayed while a pending motion to dismiss is resolved.  *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1357 (11th Cir. 1997).  *See also* S.D. Fla. L. R. app. A, § I(D)(5) ("Normally, the pendency of a motion to dismiss . . . . will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion.  Such motions for stay are generally denied except where a specific showing of prejudice or burdensomeness is made").

6

parties wish to have the Court enter a more extensive protective order to govern discovery in this case, they may make an appropriate motion.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this **25th** day of April, 2013.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge